# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60182

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2017

Lyle W. Cayce
Clerk

WILLIAM LEWIS GASKIN,

Plaintiff-Appellant

v.

CHRISTOPHER B. EPPS, COMMISSIONER, MISSISSIPPI DEPARTMENT OF CORRECTIONS; DOCTOR RON WOODALL; DOCTOR GWEN WOODLAND,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:13-CV-527

Before CLEMENT, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

William Lewis Gaskin, Mississippi prisoner # T0251, moves this court for authorization to proceed in forma pauperis (IFP) on appeal from the magistrate judge's order denying his motion to compel the defendants' compliance with a discovery order in his 42 U.S.C. § 1983 civil rights suit,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-60182

which had already been dismissed by the magistrate judge.[1]  By moving to proceed IFP in this court, Gaskin challenges the magistrate judge's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

The magistrate judge's order denying Gaskin's motion to compel is not an appealable final decision for purposes of 28 U.S.C. § 1291.  *See Periodical Publishers Serv. Bureau, Inc. v. Keys*, 981 F.2d 215, 217 (5th Cir. 1993) ("Discovery orders are not generally appealable because usually they are not final decisions within the meaning of 28 U.S.C. § 1291.").  Gaskin's notice of appeal was not timely as to the magistrate judge's final judgment granting summary judgment for the defendants and dismissing Gaskin's § 1983 complaint with prejudice.  *See* FED. R. APP. P. 4(a)(1) (setting a 30-day period for noticing an appeal).  Gaskin did not seek to enlarge the time to appeal, and he conceded in a post-judgment motion for reconsideration that he received timely notice of the final judgment.  *See* FED. R. APP. P. 4(a)(5)(A), (a)(6). Because this court lacks jurisdiction over the untimely appeal, *see* FED. R. APP. P. 4(a); *In re Deepwater Horizon*, 785 F.3d 1003, 1009 (5th Cir. 2015), the appeal does not involve legal points arguable on their merits and Gaskin's motion to proceed IFP on appeal is therefore DENIED.  *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).  His untimely appeal is DISMISSED FOR LACK OF JURISDICTION.  *See* FED. R. APP. P. 4(a)(1); *Deepwater Horizon*, 785 F.3d at 1009.

---

[1] The proceedings were conducted by the magistrate judge with the consent of the parties.  *See* 28 U.S.C. § 636(c).